UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22538-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

BIBIANA URREA,

    Plaintiff,

v.

EL TROPICO CUBAN CUISINE, INC., et al.,

    Defendants.
    _____/

**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT
AND SETTING TELEPHONIC STATUS AND SCHEDULING CONFERENCE**

Presently pending before this Court is Defendants' Motion to Set Aside Default (DE # 44). Based upon the consent of the parties, this case is referred to the undersigned Magistrate Judge for final disposition (DE # 25). The motion is fully briefed (DE ## 45, 49). For the reasons stated below, the default against Defendants is set aside.

    I.  <u>Background</u>

On August 27, 2009, Plaintiff Bibiana Urrea sued Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, alleging that they had failed to pay her overtime and minimum wages in accordance with the law (Counts 1 and 2) (DE # 1). On September 29, 2009, Defendants filed an Answer (DE # 11).

On April 7, 2010, Defendants' then-counsel, Patrick Di Blasio, III, Esq., filed an unopposed motion to withdraw as counsel, alleging irreconcilable differences (DE # 32). On April 13, 2010, this Court granted attorney Di Blasio's Motion to Withdraw as counsel, and ordered attorney Di Blasio, on or before April 16, 2010, to file a Certificate of Counsel stating that he had served this Order on his clients, El Tropico Cuban Cuisine, Inc., Pedro Vera and Silvia Vera. The Certificate of Counsel was also to include Defendants'

contact information – their addresses, telephone numbers, email addresses (if any) and facsimile numbers (if any).  The Court further ordered that within twenty (20) days after service of the April 13, 2010 Order: 1) the corporate defendant, El Tropico Cuban Cuisine, had to obtain new counsel who would have to file a Notice of Appearance in these proceedings, as a corporation is not permitted to proceed without counsel; and 2) the individual defendants, Pedro Vera and Silvia Vera, would either have to file Notices of Intent to Proceed *Pro Se*, which included an address to which court documents can be mailed, a telephone number, an email address (if any) and a facsimile number (if any); or had to obtain new counsel who would have to file a Notice of Appearance in these proceedings.  The Order also advised Defendants that their failure to comply with the Order within the time provided might result in the striking of their answer and the entry of a default against them as to liability without the need for further proceedings (DE # 33).

On April 15, 2010, attorney Di Blasio filed a certificate of service which stated that on the same day, he had served the Court's April 13, 2010 Order by Federal Express overnight delivery and electronic mail on the corporate defendant, El Tropico Cuban Cuisine, Inc., and on the individual defendants, Pedro Vera and Silvia Vera.  Attorney Di Blasio also provided the required contact information for Defendants (DE # 34).

Thus, on or before May 10, 2010, Defendants were required to notify the Court of their intention of how to proceed.  None of the Defendants did so.  Therefore, on May 12, 2010, the undersigned struck Defendants' Answer, entered a default judgment as to liability against Defendants El Tropico Cuban Cuisine, Inc., Pedro Vera and Silvia Vera, for their failure to comply with the Court's Order to obtain new counsel or, in the case of the individual defendants, to file a Notice of Intent to Proceed *Pro Se*, and ordered

<pre style="font-family: inherit; white-space: pre-wrap"></pre>

Plaintiff, on or before June 14, 2010, to file a Motion for Final Default Judgment and Affidavit as to damages (DE # 35).

On June 14, 2010, Plaintiff filed a motion for the entry of a Final Default Judgment against Defendants (DE # 37).

On July 15, 2010, the Clerk docketed a letter dated July 13, 2010 from Defendants, signed by Defendant Pedro Vera, and addressed to the Honorable Marcia G. Cooke, United States District Judge. The Clerk docketed the letter as a motion for an extension of time to respond to Plaintiff's motion for final default judgment and as a motion for an extension of time to obtain new counsel (DE # 39). In this letter, Defendants stated that they understood that Plaintiff had filed a motion for a final default judgment and requested 30 days to obtain counsel, based on their assertion that their former attorney had told them that their case would not be coming to Court until November 2010. They also asserted that when attorney Di Blasio had withdrawn from the case, he had not told them that they had only 20 days to obtain new counsel (DE # 38).

On August 12, 2010, present counsel filed a notice of appearance for Defendants (DE # 42) and the instant motion to set aside default (DE # 44). Also on August 12, 2010, the undersigned granted by default Defendants' motion for an extension of time to obtain new counsel and to file a response to Plaintiff's motion for default judgment, noting that: 1) Plaintiff had not filed a response in opposition to the Motion; 2) the deadline for filing a response to Defendants' motion had passed; and 3) new counsel had entered an appearance on behalf of Defendants. The undersigned also ordered Defendants to file any response to the Motion for Default Judgment on or before by August 30, 2010 (DE # 43).

3

## II. The Parties' Positions

### A. Defendants' Motion

Defendants ask this Court to set aside the default for good cause, pursuant to Fed.R.Civ.P. 55(c), contending specifically that: 1) they have meritorious defenses; 2) setting aside the default would not prejudice Plaintiff; and 3) they acted promptly and with due diligence in filing the instant motion, in that they did not receive the Court's April 13, 2010 and May 12, 2010 Orders (DE # 44 at 3-4).

In support of their claim of due diligence, Defendants initially claim that, based on Defendant Pedro Vera's communications with attorney Di Blasio, they believed that the next time they had to be in Court was in November 2010.[1]  Defendants also state that they never received a copy of this Court's April 13, 2010 Order granting attorney Di Blasio Motion to Withdraw and this Court's May 12, 2010 Order entering Default Against All Defendants as to Liability (DE # 44 at 1-2).

Next, Defendant Pedro Vera alleges that on or about June 21, 2010, he received a copy of Plaintiff's Motion for Final Default Judgment, and was not aware of what the document meant or why he had received it.  Pedro Vera states on July 6, 2010, he visited the Clerk's Office to try and obtain information about the status of the case, but he was unable to proceed.  Subsequently, on July 13, 2010, Pedro Vera sent a letter to Judge Cooke asking for additional time to retain counsel.  Afterwards, Defendants obtained present counsel, who filed an appearance on August 12, 2010 (DE # 44 at 2-5).

Defendants deny the allegations in the Complaint and state that their meritorious defenses are: that they did not purchase Defendant restaurant until December 23, 2006,

---

[1] The facts alleged in Defendants' motion are based upon the August 12, 2010 affidavit of Pedro Vera (DE # 44-1), attached as Exhibit A to Defendants' motion.

and that they are, thus, not responsible for any damage claimed by Plaintiff from April 17, 2002 until December 23, 2006; Plaintiff was a tipped employee and that Plaintiff's claim is based upon inaccurate wage amounts and upon a grossly overstated number of hours worked (DE # 44 at 5-6). Finally, Defendants contend that Plaintiff is not prejudiced because, at the time the motion was filed, the discovery deadline had not expired and Defendants are willing to conduct discovery in this matter on an expedited basis. Moreover, the trial was set for November 15, 2010 (DE # 44 at 6).

    B. <u>Plaintiff's Response</u>

Plaintiff responds that she does not believe Defendants' assertion that they did not receive the Court's April 13, 2010 and May 12, 2010 Orders, and that Defendants' failure to comply with the Court's April 13, 2010 Order was willful or reckless (DE # 45 at 3, 4-5). Plaintiff relies on the mailbox rule to assert that since the above Orders were sent to the same address at which Defendants state they received Plaintiff's motion for default judgment, the Court should assume that Defendants received those orders (DE # 45 at 3-4). Plaintiff does not contend that Defendants' asserted defenses are not meritorious and does not contend that she would be prejudiced if the default was vacated.

    C. <u>Defendants' Reply</u>

In reply, Defendant state that it is axiomatic that the law does not favor default judgments, and strongly prefers to resolve disputes on the merits (DE # 49 at 3). Defendants also note that under Rule 55(c), they need only make a minimal showing to have the default vacated (DE # 49 at 3-4).

Defendants reiterate that they acted in good faith (DE # 49 at 4-5). Defendant Pedro Vera gave a sworn statement in which he stated that neither he nor his wife,

Defendant Silvia Vera, received the Court's April 13, 2010 and May 12, 2010 Orders (DE # 49 at 1), and that he took action immediately upon receiving Plaintiff's motion for default judgment (DE # 49 at 2).  Defendants further contend that Plaintiff has not shown that the mailbox rule is applicable in this case, and that any presumption stemming from the mailbox rule is rebutted by Defendant Pedro Vera's sworn statement that he and his wife did not receive the Orders at issue (DE # 49 at 2, 5-6).

Defendants also note that Plaintiff does not dispute either that Defendants have meritorious defenses or that Plaintiff will suffer no prejudice if the default is vacated (DE # 49 at 4).  Indeed, Defendants also claim that they are severely prejudiced by the entry of the default because they did not start to operate the business in question until December 23, 2006 and Plaintiff claims damages from August 26, 2004 (DE # 44 at 2-3, 7).

III.  Analysis

Having reviewed the record as a whole, the undersigned grants Defendants' Motion to Vacate Default.

Pursuant to Rule 55(c), the entry of a default as to liability may be vacated for good cause.  The factors to be examined are similar to excusable neglect factors and include prejudice to the plaintiff, judicial economy, whether the default was culpable or willful, and whether the defendant possesses a meritorious defense.  *See Idearc Media LLC v. Kravitz Law Group, P.A.*, 2010 WL 2179122 at * 2  (M.D. Fla. May 7, 2010), quoting *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996); *Heater v. Bonacker & Leigh*, 173 F.R.D. 533, 535 (M.D. Ala. 1997).  The law strongly disfavors default judgment, preferring that genuine disputes be resolved on the merits.  Doubts as to whether a default should be vacated should be resolved in favor of a decision on the merits of a case.  *See Jackson v. People's*

6

*Republic of China*, 794 F.2d 1480, 1496 (11th Cir. 1986); *Idearc Media LLC v. Kravitz Law Group, P.A.*, 2010 WL 2179122 at * 3.  Thus, the existence of good cause under Rule 55 is liberally construed.  See *Idearc Media LLC v. Kravitz Law Group, P.A.*, 2010 WL 2179122 at * 2; *Saperstein v. The Palestinian Auth.*, 2008 WL 4467535 at *11 (S.D. Fla. Sep. 20, 2008).

  Defendants have made the minimal showing that they acted with due diligence in filing the instant motion, possess meritorious defenses and that Plaintiff will not be prejudiced by vacating the entry of the default judgment.  *See McGaughy v. Kitchens Airfreight, Inc.* 2006 WL 3770510 at *2 (M.D. Ala. Dec. 21, 2006).

  It is undisputed that Defendants have meritorious defenses to this case.  It is also undisputed that Plaintiff does not contend that she would be prejudiced if the default is vacated.  The undersigned also notes that while Plaintiff asserts that Defendants' default was culpable or willful, she has presented no evidence that the default was culpable or willful.

  The issue of whether Defendants have shown they acted promptly and with due diligence in filing the instant motion is much closer.  The undersigned does not fully understand how Defendants did not receive orders sent to them, by attorney Di Blasio and by the Court, to the same address at which they received Plaintiff's motion for default judgment.

  However, Plaintiff have not provided any evidence that Defendants actually received the orders in question.  Plaintiff merely relies on the "mailbox rule", the rebuttable presumption that a letter properly addressed, stamped and mailed has been received by the addressee.  *See Spencer v. U.S. Postal Service*, 2007 WL 2566031 at *3 (N.D. Fla. Aug. 31, 2007)*; Graham v. Hudson*, 290 B.R. 424, 432 (Bankr. N.D. Ga. 2003).

7

However, these cases also state that the mailbox rule presumption can be rebutted by a party's testimony that he did not receive the letter. *Spencer v. U.S. Postal Service*, 2007 WL 2566031 at *4; *Graham v. Hudson*, 290 B.R. at 432, both citing *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1240-41 (11th Cir. 2002). Since the address to which the documents were mailed is a business address rather than a residential address, Defendant Pedro Vera has filed a sworn statement which states that neither he nor his wife received this Court's April 13, 2010 and May 12, 2010 Orders, and Plaintiff has not presented any evidence refuting the sworn statement, the undersigned finds that Defendants did not receive this Court's April 13, 2010 and May 12, 2010 Orders, and acted with due diligence in making inquiries of the Court and filing the instant motion after receiving Plaintiff's motion for final default judgment, on or about June 21, 2010.

Therefore, after a careful review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Set Aside Default (DE # 44), is **GRANTED**. Defendants' Answer is reinstated. Defendants' Motion for Continuance (DE # 48), is **GRANTED**. Plaintiff's Motion to Enter Final Default Judgment (DE # 37), is **DENIED as moot**. It is further

**ORDERED** that a telephonic status and scheduling conference is set for **Friday, October 15, 2010 at 10:00 a.m.**, regarding the Scheduling Order currently in effect in this case (DE # 30), and to select a special setting for trial. Plaintiff's counsel shall initiate the conference call to (305) 523-5930, with all counsel on the line.

If the parties desire to alter dates from the Scheduling Order they shall confer prior to the hearing in an effort to agree with respect to the dates to be included in the attached Proposed Time Schedule. The parties shall file the Proposed Time Schedule on

or before **Tuesday, October 12, 2010 at 5:00 p.m.**

If any party has a conflict regarding the date of the scheduling conference, that party shall coordinate with the other parties to find proposed alternative available dates. This can be accomplished via a conference call to the chambers of the undersigned.

**DONE AND ORDERED** in chambers in Miami, Florida on October 1, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies via CM/ECF to:**
All counsel of record

## Proposed Time Schedule

The following time schedule shall govern unless modified by court order after a showing of compelling circumstances. Absent a court order, a motion to dismiss shall not stay discovery.

| DATE | ACTION |
|---|---|
| By | Each party shall exchange lists of all witnesses then believed to have knowledge of the facts supporting the material allegations of the pleading filed by that party, and each party shall exchange all documents then available or subject to its control that they contemplate using as evidence in support of any allegations of the pleading filed by that party. |
| By | All non-dispositive pretrial motions except discovery motions (including motions pursuant to Fed. R. Civ. P. 14, 15, 18 through 22, and 42) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed. R. Civ. P. 15(a) or 15(d) shall comport with S.D. Fla. L.R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order. **Prior to filing any non-dispositive motion, counsel for the moving party shall confer, or make reasonable effort to confer, with counsel for the opposing party in a good faith effort to resolve the matter, and shall include in the motion a statement certifying that this has been done.** |
| By | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial. Only those expert witnesses listed shall be permitted to testify. |
| By | Plaintiff shall furnish opposing counsel with summaries or reports of all expert witnesses intended to be called at trial. The summaries/reports shall include the information required by Local Rule 16.1(k): lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a |

|   |   |
|---|---|
|   | summary of the grounds for each opinion. |
| **By** | **Defendant** shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial.  Only those expert witnesses listed shall be permitted to testify. |
| **By** | **Defendant** shall furnish opposing counsel with summaries or reports of all expert witnesses intended to be called at trial.  The summaries/reports shall include the information required by Rule 16.1(k):  lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. |
| **By** | **Plaintiff** shall furnish opposing counsel with a written list containing the names, addresses and summaries/reports of any rebuttal <u>expert</u> witnesses intended to be called at trial. The summaries/reports shall include the information required by Local Rule 16.1(k):  lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. |
| **By** | All non-expert discovery shall be completed. |
| **By** | All expert discovery shall be completed |
| **By** | The parties shall furnish opposing counsel with a list of names and addresses of all fact witnesses intended to be called at trial, and only those witnesses shall be permitted to testify. |
| **By** | All dispositive pretrial motions and memoranda of law, as well as any motions to exclude or limit proposed expert testimony must be filed.  Any *Daubert/Kumho* motion shall be accompanied by appropriate affidavits. If any party moves to strike an expert |

11

|  |  |
|---|---|
|  | affidavit filed in support of a motion for summary judgment [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc,* 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)], the motion to strike shall be filed with that party's responsive memorandum. |
| **By** | **Mediation shall be completed.** |
| **By** | **Pretrial Stipulation.** The joint pretrial stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1(e), and in accordance with paragraph six above. In conjunction with the joint pretrial stipulation, the parties shall file their motions in limine. |
| **By** | **Plaintiff shall file a single, joint set of proposed jury instructions and verdict forms,** with a copy provided to the chambers of the undersigned Magistrate Judge by hand-delivery or facsimile. The joint jury instructions shall include, in the appropriate order, each instruction as to which the parties agree, and each contested instruction proposed by either party. Following each contested instruction, the opposing party shall state its objection and include a proposed alternative instruction, if one is sought. Contested jury instructions should include citation of legal authority by each party to support their position, including any applicable regulations contained in the Code of Federal Regulations. |
| **On          at** | **Pretrial conference** |
| **On          at** | **Specially set trial commences and is expected to last _____ days** |